UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, : <br> : CIVIL ACTION NO. <br> Petitioner, : <br> : <br> v. : <br> : <br> FAIRMONT PREMIER INSURANCE : <br> COMPANY F/K/A TRANSAMERICA : <br> PREMIER INSURANCE COMPANY, : <br> : <br> Respondent. : | |

**CONTINENTAL INSURANCE COMPANY'S**
**PETITION TO CONFIRM ARBITRAL FINAL AWARD**

Petitioner Continental Insurance Company ("CIC"), by its counsel, White and Williams LLP, hereby moves this Court to enter an order confirming the arbitral Final Award and Order dated August 3, 2015, which was issued following an arbitration between CIC and Fairmont Premier Insurance Company f/k/a Transamerica Premier Insurance Company ("TIG").

1.  This Petition to Confirm Arbitral Final Award pursuant to Section 9 of the Federal Arbitration Act ("FAA") is submitted to confirm the arbitral Final Award and Order, dated August 3, 2015 (the "Final Award"), attached hereto as Exhibit 1.[1]

**THE PARTIES**

2.  CIC is a Pennsylvania corporation with its principal place of business located at 333 S. Wabash Avenue, Chicago, Illinois 60604.

3.  Upon information and belief, Fairmont Premier Insurance Company f/k/a

---

[1] Pursuant to the agreement of the parties that certain Arbitration Information be kept confidential, CIC has requested that the Court maintain its Petition to Confirm Arbitral Final Award, and the exhibits attached thereto, including the Final Award, under seal for the reasons set forth in CIC's Motion to Seal which accompanies this filing.

Transamerica Premier Insurance Company ("TIG") is a California corporation with its principal place of business located at 250 Commercial Street Manchester, New Hampshire 03101.

## JURISDICTION

4. This Petition is submitted under Chapter 1 of the FAA, 9 U.S.C. §§ 1-16. This proceeding involves a commercial arbitration agreement that is between citizens of the United States, and thus falls within Chapter 1 of the FAA. *See* 9 U.S.C. § 1.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the petition involves citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction pursuant to an agreement between CIC and TIG that the underlying arbitration would take place in New York, New York.

## BACKGROUND

7. The underlying arbitration concerned TIG's responsibility under a facultative reinsurance certificate to pay for a share of CIC's loss and expense payments under an excess general liability policy CIC issued to White Consolidated, Inc. ("WCI").

8. In reinsurance, a reinsurer agrees to indemnify the reinsured against all or part of the loss the reinsured may sustain under an insurance policy the company has issued, in exchange for a portion of the premium paid to the reinsured for the insurance policies.

9. A "facultative" reinsurance contract, such as the one at issue here, reinsures a specific insurance policy or risk, as opposed to "treaty" reinsurance, which reinsures multiple insurance policies or an entire book of business written by the reinsured.

10. WCI is a conglomerate with multiple affiliates and subsidiaries that manufactured and distributed various industrial, commercial, and consumer products. CIC insured WCI from 1982 to 1988. TIG facultatively reinsured the general liability policy effective January 1, 1984

to January 1, 1985 (the "Reinsured Policy"). The Reinsured Policy provides for the payment of defense costs in addition to indemnity limits.

11.  CIC and WCI's other insurers entered into a Cost Share Agreement ("CSA") pursuant to which indemnity and defense costs are allocated to various insurers, including CIC. Pursuant to the CSA CIC paid indemnity and defense costs under the Reinsured Policy. CIC, in turn, submitted its initial billing to TIG in February 2010 and submitted additional billings over the next three years.

12.  In response to the billings, TIG paid $125,000, the amount identified in the "Reinsurance Accepted" section of the Declarations page of the WCI Certificate. In so doing, TIG contended that its liability under the WCI Certificate was capped at $125,000 for indemnity and expense combined and it, therefore, paid its maximum liability.

13.  CIC commenced arbitration, attached hereto as <u>Exhibit 2</u>, and a three-person arbitration panel (the "Panel") was formed. Following disclosures, the Panel was accepted by the parties. After discovery, briefing, and oral argument, the Panel issued a Final Award dated August 3, 2015. CIC now petitions this Court to confirm the Final Award.

## THE AWARD SHOULD BE CONFIRMED

14.  Section 9 of the FAA provides that a party may seek an order confirming an arbitration award within one (1) year of the date the award was made, and that a court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the FAA]." *See* 9 U.S.C. § 9.

15.  Second Circuit precedent is clear that, under this standard, "arbitration awards are subject to 'severely limited' review by the courts" and thus the courts shall confirm the award absent certain specific, enumerated grounds for refusal or deferral of recognition. *Bradley v. Merrill Lynch & Co., Inc.*, 344 F. App'x 689, 690 (2d Cir. 2009).

16198565v.1

16.     Pursuant to 9 U.S.C. § 12, a party wishing to vacate, modify, or correct an arbitration award must do so within three (3) months from the date that the award was filed or delivered. Where such party fails to do so, as is the case here, that party is estopped from later objecting to the award. *Arch Dev. Corp. v. Biomet*, 2003 WL 21697742 (N.D. Ill. 2003).

17.     More than three (3) months have elapsed since the Panel delivered its Final Award on August 3, 2015, and, within such time, TIG did not move to vacate, modify, or correct the Panel's Final Award, thereby forfeiting its right to object to the Final Award. Further, none of the grounds for vacating an award, as set out Section 10 of the FAA, are present.

## CONCLUSION

18.     CIC now petitions this Court to confirm the Panel's Final Award pursuant to 9 U.S.C. § 9. As the Final Award has not been vacated, modified, or corrected as prescribed by sections 10 and 11 of the FAA, this Court must confirm the Panel's Final Award pursuant to 9 U.S.C. § 9.

Respectfully submitted,

OF COUNSEL:
Daryn E. Rush
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, Pennsylvania 19103
(215) 864-6301
rushd@whiteandwilliams.com

By: _____
Jay Shapiro
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
(212) 714-3063
shapiroj@whiteandwilliams.com

*Attorneys for Petitioner*
*Continental Insurance Company*

Dated: January 28, 2016

16198565v.1