UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONTINENTAL INSURANCE COMPANY, | CIVIL ACTION NO. |
| Petitioner, | |
| v. | |
| FAIRMONT PREMIER INSURANCE COMPANY F/K/A TRANSAMERICA PREMIER INSURANCE COMPANY, | |
| Respondent. | |

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER CONTINENTAL INSURANCE COMPANY'S
<u>PETITION TO CONFIRM ARBITRAL FINAL AWARD</u>**

Jay Shapiro
**WHITE AND WILLIAMS LLP**
7 Times Square, Suite 2900
New York, NY 10036

OF COUNSEL:
Daryn E. Rush
**WHITE AND WILLIAMS LLP**
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, Pennsylvania 19103

*Attorneys for Petitioner
Continental Insurance Company*

16199630v.1

## I. INTRODUCTION

This is a petition to confirm an arbitral Final Award and Order ("Final Award") entered August 3, 2015 in New York, New York.[1] The arbitration was commenced by Petitioner Continental Insurance Company ("CIC") against Fairmont Premier Insurance Company f/k/a Transamerica Premier Insurance Company ("TIG") under a reinsurance contract which contains an arbitration clause. The contract involves interstate commerce and the underlying arbitration is, thus, subject to the Federal Arbitration Act. Because neither party has moved to modify or vacate the award within the required three (3) month period, the award is subject to mandatory confirmation by this Court.

## II. FACTUAL BACKGROUND

The underlying arbitration concerned TIG's liability under a facultative reinsurance certificate to pay for a share of CIC's loss and expense payments under an excess general liability policy CIC issued to White Consolidated, Inc. ("WCI").[2]

WCI is a conglomerate with multiple affiliates and subsidiaries that manufactured and distributed various industrial, commercial, and consumer products. CIC insured WCI from 1982 to 1988. CIC issued primary policy No. SRL3633012 to WCI, effective January 1, 1984 to January 1, 1985 (the "Reinsured Policy"). The Reinsured Policy provides limits of $1 million per occurrence and $2 million in the aggregate. TIG facultatively reinsured the Reinsured Policy pursuant to Certificate No. 48992 (the "WCI Certificate"), effective the same time period.

---

[1] A copy of the Award, in a sealed envelope, is attached as <u>Exhibit 1</u> to the Petition.

[2] Reinsurance is a mechanism by which insurance companies are able to spread the risk associated with the insurance business that they underwrite, allowing them to free up capital and write more business. Reinsurance is generally written in one of two ways – treaty or facultative. Treaty reinsurance provides coverage for multiple insurance policies or an entire "book of business" underwritten by the reinsured (or "ceding") company. Facultative reinsurance is the reinsurance of one individual policy.

WCI has been named a defendant in numerous asbestos-related bodily injury claims in many jurisdictions. CIC and WCI's other insurers entered into a Cost Share Agreement (the "CSA") pursuant to which indemnity and defense costs are allocated to the various insurers. After allocating its portion of expenses to the Reinsured Policy, CIC submitted its initial reinsurance billing to TIG in February 2010. CIC submitted additional billings over the next three years.

In response to the billings, TIG paid $125,000, the amount identified in the "Reinsurance Accepted" section of the Declarations page of the WCI Certificate. In so doing, TIG contended that its liability under the WCI Certificate is capped at $125,000 for indemnity and expense combined and that it, therefore, had paid its maximum liability. (*See* Exhibit 2 (May 8, 2013 Letter from A. Krawietz to A. Persaud.) CIC rejected TIG's cap defense and initiated arbitration by letter dated August 6, 2013. (*See* Exhibit 3 (Aug. 6, 2013 Demand for Arbitration).)

An arbitration panel (the "Panel") was formed and, following disclosures, accepted by the parties. After discovery, briefing, and oral argument, the Panel issued a Final Award dated August 3, 2015 (the "Final Award").[3] CIC now petitions this Court to confirm the Final Award.

## III. ARGUMENT

### A. JURISDICTION AND VENUE ARE PROPER

This Court has subject matter jurisdiction to confirm the Final Award pursuant to 28 U.S.C. § 1332 as the citizenship of the parties is completely diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

---

[3] CIC is concurrently filing a motion seeking permission to file the Final Award under seal for the reasons set forth therein.

between . . . (1) citizens of different States . . . ."). CIC is incorporated in Pennsylvania and is a citizen of Pennsylvania; TIG is incorporated in California and is a citizen of New Hampshire. The value of the Final Award exceeds the jurisdictional limit of 28 U.S.C. § 1332.

Venue is also appropriate in this Court. It is well-settled in New York that a party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction. *Doctor's Assocs. v. Stuart,* 85 F.3d 975, 983 (2d Cir. 1996) (citation omitted); *see also Scandinavian Reins. Co. Ltd. v. St. Paul Fire & Marine Ins. Co.,* No. 09 Civ. 9531, 2010 WL 653481, at *7 (S.D.N.Y. Feb. 23, 2010) ("[W]hen parties enter into an agreement to arbitrate in a particular forum, they consent to personal jurisdiction in the courts of that forum."); *Credit Suisse Sec. (USA) LLC v. Ebling,* No. 06 Civ. 11339, 2006 WL 3457693, at *2 (S.D.N.Y. Nov. 27, 2006) (finding respondent consented to personal jurisdiction in New York and venue in New York proper where respondent agreed to arbitration in New York); *Nat'l Union Fire Ins. Co. v. Younger Bros.,* No. 00 Civ. 3277, 2001 WL 669042, at *3-4 (S.D.N.Y. June 12, 2001) (finding court had personal jurisdiction over respondent and venue proper because "consent [to jurisdiction] may be inferred where an Arbitration Clause stipulates that the proceeding will take place in New York, since 'by agreeing to arbitrate in New York, a party makes himself as amenable to suit as if he were physically present in New York'"). Here, CIC and TIG consented to conduct the arbitration in New York, New York, and the arbitral Final Award was made there.

**B.   THE AWARD MUST BE CONFIRMED**

   **1.   The FAA governs this proceeding**

The Final Award should be confirmed pursuant to Chapter 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, which provides for enforcement of arbitration awards. *See* 9 U.S.C. § 9. The FAA governs the scope of review and the enforcement of this Final Award

because it arises out of a contract that involves interstate commerce. *See* 9 U.S.C. § 2; *see also Petrie v. Clark Moving & Storage, Inc.*, No. 09-CV-06495, 2010 WL 195801, at *2 (W.D.N.Y. 2010) (where award arises out of contract involving interstate commerce, FAA governs).

### 2. The FAA Requires Confirmation

Section 9 of the FAA specifically provides that a party may seek to have an arbitration award confirmed within one year of the making of the award, and that the court "must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Sections 10 and 11 of the FAA specifically provide the "exclusive grounds" for vacatur and modification of an award subject to the Act. *See Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 583 (2008).

In this case, the Final Award has not been, and cannot be, vacated, modified, or corrected. It has been less than one (1) year since the Final Award was issued by the Panel on August 3, 2015, and none of the grounds specified in Section 10 (vacatur) or Section 11 (modification/correction) are applicable. Further, CIC has not moved to vacate or modify the Final Award within three (3) months of the date of the Final Award as required by Section 12. 9 U.S.C. § 12. Accordingly, there are no legal or statutory grounds to refuse to confirm.

Under these circumstances, Section 9 requires confirmation of the Final Award, and CIC respectfully requests the same. *See, e.g., Hall Street Assoc., LLC*, 552 U.S. at 576 (FAA provides for limited judicial review to confirm, vacate, or modify arbitration awards); *Burton Corp. v. Shanghai Viquest Precision Indus. Co.*, No. 10 Civ. 3163, 2010 WL 3024319 (S.D.N.Y. August 3, 2010) ("[FAA] provides 'streamlined' process for seeking" confirmation, vacatur, or modification and "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected . . . .") (citations omitted).

## IV. CONCLUSION

For the reasons set forth herein, CIC respectfully requests that this Court confirm the August 3, 2015 Final Award.

Respectfully submitted,

OF COUNSEL:
Daryn E. Rush
One Liberty Place
1650 Market Street, Suite 1800
Philadelphia, Pennsylvania 19103
(215) 864-6301
rushd@whiteandwilliams.com

By: _____
Jay Shapiro
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
(212) 714-3063
shapiroj@whiteandwilliams.com

*Attorneys for Petitioner*
*Continental Insurance Company*

Dated: January 28, 2016